HOOPER, Chief Justice
(dissenting).
Both parties before the Court — the State of Alabama and Mr. Evans — seem to argue that Ala.Code 1975, § 12-17-213(b), is to be looked at in isolation when judging whether Evans is qualified to be a supernumerary district attorney. However, the statute must be read in its entirety, not by portions. Both § 12-17-213(a) and (b) are taken from one sentence of a legislative act; they are derived from § 1 of Act No. 1182, Alabama Acts 1975. The original act contained a semicolon between what now appears as (a) and (b). The Code publisher divided the one sentence of the Act into subsections (a) and (b). The subsections must be read together.
Ala.Code 1975, § 12-17-213, reads:
“(a) Any person now serving or having formerly served as a district attorney of a judicial circuit of Alabama, who has served for not less than 18 years, when he has reached the age of 60 years, may elect to become a supernumerary district attorney by filing a written declaration to that effect with the Governor, and time served as judge of a court of record, a county court, county solicitor or any other county-wide elected official, a full-time deputy or assistant district attorney or as a duly licensed attorney employed full time by the State of Alabama, whether commissioned or appointed or as an elected constitutional officer or other state official, shall be counted as time served towards accumulating the above required 18 years; provided, that such district attorney shall have served not *425 less than 10 years as district attorney of a judicial circuit.
“(b) Any district attorney of a judicial circuit who has served 18 years as circuit district attorney may elect to become a supernumerary district attorney by filing a written declaration to that effect with the Governor, and only two and one-half years served as judge of a court of record, a county court, county solicitor, a full-time deputy or assistant district attorney or as a duly licensed attorney employed full time by the State of Alabama, whether commissioned or appointed or as an elected constitutional officer or other state official, may be counted as time served towards accumulating the above required 18 years.”
Subsection (a) clearly requires that a person serve 18 years as a district attorney and be 60 years old to receive supernumerary status. It includes the following phrases: “any person,” “now serving or having formerly served as a district attorney,” “for not less than 18 years,” and “when he has reached the age of 60.” Evans meets the 18-year service qualification, but he does not meet the age qualification.
Subsection (b) applies only to currently serving district attorneys. But that status of being a serving district attorney is included in that portion of (a) that reads “now serving ... as district attorney.” The (a) portion clearly requires that a district attorney or former district attorney be 60 years of age or older to receive supernumerary status. This Court cannot construe the Act by excising subsection (a):
“The different parts of a statute reflect light upon each other, and statutory provisions are regarded as in pari materia where they are parts of the same act. Hence, a statute should be construed in its entirety, and as a whole. All parts of the act should be considered and construed together. It is not permissible to rest a construction upon any one part alone, or upon isolated words, phrases, clauses, or sentences, or to give undue effect thereto. The legislative intention, as collected from an examination of the whole as well as the separate parts of a statute, is not to be defeated by the use of particular terms.”
73 Am.Jur.2d Statutes § 191 (1974). Evans will be eligible for supernumerary status once he reaches age 60, but not before then. The trial court’s judgment should be reversed.
The most sensible interpretation of subsection (b) is as a grandfather clause. That portion of the Act ensured that district attorneys who were serving at the time this legislation was passed did not lose service time in another office prior to the Act’s passage. They could include 2.5 years of service in another public office even if that time had been served before the Act’s passage.
Evans’s brief gives no explanation for ignoring the (a) portion of the Act. He simply states that he wants to use only the (b) portion, although that subsection does not apply to him. Every district attorney who comes within (b) also comes within (a).
The State has informed this Court that since § 12-17-213 went into effect, a total of 7 persons under the age of 60 have been appointed to the office of supernumerary district attorney. However, the fact that the State of Alabama has in the past violated this statute does not make it legal for the State to continue to violate the law. The statute is not ambiguous.
If Evans’s interpretation of the statute is followed, then the age 60 requirement is rendered meaningless. Why did the legislature include that requirement in subsection (a)? This Court cannot consider language used by the legislature in a statute to be without meaning or effect. Under the majority’s interpretation, no district attorney or former district attorney would need to meet the age 60 requirement.. Or just as nonsensical, a former district attorney under the age of 60 who serves in a state office when applying for supernumerary status qualifies, while a former district attorney under the age of 60 who does not serve in a state office does not.
There is another more fundamental reason that Evans should not receive supernumerary status under § 12-17-213. The practical effect of that statute was to provide pensions to former district attorneys. However, in Zeigler v. Baker, 344 So.2d 761 (Ala.1977), *426 this Court held that the payment of pensions to former state officials would violate § 98 of the Alabama Constitution, which reads: “The Legislature shall not retire any officer on pay, or part pay, or make any grant to such retiring officer.” This Court considered the original intent of the framers of the Alabama Constitution of 1901 in interpreting § 98.
“After considering the meaning of the phrase, ‘civil pension list,’ as it was used by Governor Oats during the Official Proceedings of the Constitutional Convention of 1901, which adopted Section 98, it is our opinion that the language of that section proscribing any power in the legislature to make any grant to any retiring officer, was meant to prohibit that body from granting a public officer, including, of course, a governor, retirement funds upon his becoming eligible after leaving office.”
344 So.2d at 766-67. If that section applies to governors, it applies to district attorneys.
Therefore, this Court should hold that the prohibition found in § 98 that prevented the legislature from making a grant to any retiring officer also forbids the legislature from granting a de facto pension to a district attorney. It does not matter that it was called by another name, e.g., “supernumerary status.” Ala.Code 1975, § 12-17-213, was unconstitutional when it was enacted, and this Court should so hold. For that reason also, Evans is not entitled to “supernumerary status.”
Even if this Court does not address the issue of the constitutionality of supernumerary pensions,, it is clear that § 12-17-213 does not entitle Evans to supernumerary status until he reaches age 60. Therefore, I dissent.